89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lydia CATINDOY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70376.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Catindoy is a native and citizen of the Philippines. At her deportation hearing, she conceded deportability but contended that if she were to return to the Phillipines, she would be persecuted by the New People's Army. The Board of Immigration Appeals held that Catindoy is ineligible for either asylum or withholding of deportation. We deny the petition for review.
 
 
 3
 An "alien may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A)." 8 U.S.C. § 1158(a). A refugee is a person who is unwilling to return to her country because "of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The Attorney General must withhold deportation if it is more likely than not that the alien would be subject to persecution on account of one of these five factors. See 8 U.S.C. § 1253(h); INS v. Stevic, 467 U.S. 407, 424 (1984). If the BIA finds that the persecution feared by the alien is not on account of one of these five factors, we cannot reverse unless that finding is unreasonable. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992) (evidence must "compel" the conclusion that the BIA erred).
 
 
 4
 Catindoy contends that the BIA erred in finding that the New People's Army had no interest in persecuting her because of her political opinions. " 'Persecution on account of ... political opinion' " means "persecution on account of the victim's political opinion, not the persecutor's." Id. at 482. Catindoy testified that in 1985, the New People's Army kidnapped her and harmed other members of her family. But her testimony reveals that the New People's Army had no knowledge of her "pro-government" views before the alleged abduction and that it targeted her family "because we had some money...." A 1994 State Department report that was in the administrative record and relied upon by the BIA indicates that "[i]n most instances the NPA's objective is to take advantage of the applicant's financial resources." The evidence does not compel the conclusion that the NPA persecuted or may persecute Catindoy because of her political opinions. She is ineligible for asylum or withholding of deportation.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3